Scileppi, J.
The order of the Appellate Division should be modified to the extent that those paragraphs which declared that the terms “ issue ” and “ surviving issue ” used in the trust indenture did not include the adopted children or their issue and which declared the rights of the widow and the surviving issue of the settlor’s brother and sisters under the trust indenture are hereby reversed. Those paragraphs of the judgment of the Supreme Court, New York County, which declared that the adopted children and their issue were “ issue ” of the settlor, that such issue were to take per stirpes, and otherwise declared the rights of the widow and such issue under the terms of the trust indenture are hereby reinstated. As so modified, the order is affirmed.
The stranger to the adoption rule creates a presumption that the settlor of the trust intended to include his adopted children in the term issue (Matter of Wehrhane, 23 N. J. 205 [Sup. Ct., 1957]). Sufficient evidence has not been presented by the respondents to overcome this presumption.
The terms of the trust indenture evidence the settlor’s intent that the draw down provision was for Ms sole benefit. Consequently, it was necessary for him to survive the payment dates before any rights to the $5,000 became vested in him. Therefore, his widow is not entitled to recover the $5,000.
*212 Chief Judge Fuld and Judges Van Voorhis, Burke, Bergan and Keating concur; Judge Breitel taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the principal of the trust.